1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

| | |
|---|---|
| DENISE MARIE CAGE, on behalf of herself and all others similarly situated; and RYAN KING, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CACH, LLC, a Colorado Limited Liability Company, and KIRKLAND LAW GROUP, PLLC, a Washington Professional Limited Liability Company, and R. JEFF WADE, a Washington Debt Collection Attorney (WSBA No. 33679), and JOHNATHAN JACOBSON, a Washington Debt Collection Attorney (WSBA No. 40002), <br><br> Defendants. | NO. <br><br> **CLASS ACTION COMPLAINT** FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, THE WASHINGTON COLLECTION AGENCY ACT AND THE FAIR DEBT COLLECTION PRACTICES ACT, *INTER ALIA* <br><br> DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT          1

COME NOW, Plaintiffs, DENISE MARIE CAGE and RYAN KING, individually and as class representatives for Washington State Classes and Subclasses of similarly situated individuals, allege as follows:

## I.   NATURE OF ACTION

1.1    Defendants, practicing attorneys in a law firm, and a large nationwide company, serve Washington State consumers with Summonses that are specifically designed to cause the recipients to not appear or answer Defendants' lawsuits.

1.2    Defendants' deceptive business practice was designed to facilitate default judgments by depriving consumers of their day in Court.

1.3    To accomplish this goal, Defendants obstruct the content of the Summons by stapling a bright, "traffic cone" orange collection notice to the face of the Summons.

1.4    The bright orange collection notices are made of heavy card stock and are stapled to the face of the Summons to conceal the entire caption and introduction area of the Summons.

1.5    The message in the Summons can only be read by removing the bright orange collection notice.

CLASS ACTION COMPLAINT          2          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

1.6     What is worse, Defendants' bright orange collection notices directly contradict the language and requirements of the Summons.

1.7     While the Summons states that the recipient must appear or answer in writing within 20 days to avoid a default judgment, Defendants' bright orange collection notices state:

CLASS ACTION COMPLAINT                3        Robert Mitchell Attorney at Law, PLLC
                                               1020 N. Washington | Spokane, WA 99201
                                               Ph (509) 327-2224 | Fax (509) 327-3374
                                               bobmitchelllaw@yahoo.com

THIS IS NOT A COURT DOCUMENT

You Can Still Settle This Matter
and Avoid Going to Court

Call: Legal Analyst    425-336-2573

Email: legalanalyst@kirklandlawgroup.com

# CALL TODAY

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR



|  |  |  |
|---|---|---|
| Plaintiff, | ) | No. |
| vs. | ) |  |
|  | ) |  |
| RYAN M. and JANE DOE KING, | ) | SUMMONS |
| Defendants. | ) |  |

**TO THE DEFENDANT:** A lawsuit has been started against you in the above entitled court by the plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and file the original of your defense with the Court using the above-stated cause number and serve a copy upon the undersigned person within 20 days after the date of service on you of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person you are entitled to notice before a default judgment may be entered

Any response or notice of appearance, which you serve on any part to this lawsuit, may be filed by you with the court within 20 days after the service of summons, excluding the day of service.

If you wish to seek the advice of a lawyer in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Civil Rules for Courts Limited Jurisdiction.

Dated:  September 11,  2012

R. Jeff Wade,        WSBA #33679
Attorney for Plaintiff

**Kirkland Law Group, PLLC**
18000 72nd Avenue S, Suite 200 | Kent, WA  98032
425-336-2573 P | 425-336-2576 F

4

THIS IS NOT A COURT DOCUMENT

## You Can Still Settle This Matter
## and Avoid Going to Court

Call: Legal Analyst   425-336-2573

Email: legalanalyst@kirklandlawgroup.com

# CALL TODAY

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

FILED

SEP 2 8 2012

...RICT COURT
...COUNTY, WASH.

3 - 1

vs.                                  )
                                     )
RYAN M. and JANE DOE KING,           )          SUMMONS
                        Defendants.  )

**TO THE DEFENDANT:** A lawsuit has been started against you in the above entitled court by the plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and file the original of your defense with the Court using the above-stated cause number and serve a copy upon the undersigned person within 20 days after the date of service on you of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person you are entitled to notice before a default judgment may be entered

Any response or notice of appearance, which you serve on any part to this lawsuit, may be filed by you with the court within 20 days after the service of summons, excluding the day of service.

If you wish to seek the advice of a lawyer in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Civil Rules for Courts Limited Jurisdiction.

Dated:  September 11, 2012

R. Jeff Wade,      WSBA #33679
Attorney for Plaintiff

**Kirkland Law Group, PLLC**
18000 72nd Avenue S, Suite 200 | Kent, WA 98032
425.336.2573 P | 425.336-2576 F

5

You Can Still Settle This Matter
And Avoid Going to Court

Call:  866.203-0094

Email: legalanalyst@KLGNW.com

CALL NOW!

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

Filed at King County District Court

JUL 09 2013

...HINGTON,
... DIVISION

vs.

Denise and John Doe Cage,

                                Defendants.

)
)          No.
)       134 - 12903
)
)        SUMMONS
)

**TO THE DEFENDANT:** A lawsuit has been started against you in the above entitled court by the plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and file the original of your defense with the Court using the above-stated cause number and serve a copy upon the undersigned person within 20 days after the date of service on you of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person you are entitled to notice before a default judgment may be entered

Any response or notice of appearance, which you serve on any part to this lawsuit, may be filed by you with the court within 20 days after the service of summons, excluding the day of service.

If you wish to seek the advice of a lawyer in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Civil Rules for Courts Limited Jurisdiction.

Dated:  July 3, 2013

John A. Jacobson        WSBA #40002
Attorney for Plaintiff

**Kirkland Law Group, PLLC**
18000 72nd Avenue S, Suite 200 | Kent, WA  98032
425.336-2573 P | 425.336-2576 F

6

1.8    As a matter of law, the above collection notices are deceptive:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:  [....]
>
> **(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.**

15 U.S.C. § 1692e (emphasis added).

1.9    Washington Courts have also taken issue with serving misleading documents along with a Summons and Complaint:

> "...well settled is the principle that ambiguous, apparently inconsistent written communications served with a summons and which have the potential for misleading the defendant into not timely responding to the complaint warrant the vacation of a default judgment later taken".

Wilma v. Harsin, 77 Wn.App. 746, 750 (1995).

1.10   RYAN   KING   was   simultaneously   served   with   two   separate summonses and complaints.

1.11   The   first   summons   and   complaint   has   the   deceptive   orange collection notice stapled to the face of the Summons.

1.12   The first summons and complaint has no case number, is not signed by an attorney, and the date filed stamp is crossed out.

CLASS ACTION COMPLAINT            7          Robert Mitchell Attorney at Law, PLLC
                                                        1020 N. Washington | Spokane, WA 99201
                                                        Ph (509) 327-2224 | Fax (509) 327-3374
                                                        bobmitchellaw@yahoo.com

1.13   The second summons and complaint also has the deceptive orange collection notice stapled to the face of the Summons.

1.14   The second Summons and complaint has a case number, but again it is not signed and the date filed stamp is also crossed out.

1.15   The third Summons above was received by Plaintiff, DENISE CAGE.

1.16   The third Summons and complaint also has the deceptive orange collection notice stapled to the face of the Summons.

1.17   Upon information and belief, Defendants have served hundreds of Washington consumers with similar deceptive notices.

1.18   Defendants' bright orange collection notices were purposefully designed to deceive the least sophisticated consumer because these notices:

   A.   Deceive consumers into believing that the Summons and Complaint are not legal documents or legal process, via the bright orange collection notices' Bold, Capitalized and Underlined statement: "**THIS IS NOT A COURT DOCUMENT**;"

   B.   Conceal the caption on the Summons;

   C.   Conflict with the language in the Summons that expressly requires a written response within 20 days to avoid a default judgment, by

CLASS ACTION COMPLAINT           8       Robert Mitchell Attorney at Law, PLLC
                                          1020 N. Washington | Spokane, WA 99201
                                          Ph (509) 327-2224 | Fax (509) 327-3374
                                          bobmitchellaw@yahoo.com

stapling the bright orange collection notices to the face of the Summons so that the bright orange collection notice covers the critical 20-day language;

        D.    Distract the consumer from the seriousness of formal legal proceedings by making the collection notice 1) bright-colored, 2) a card, and 3) with informal language characteristic of an advertisement, solicitation, or sales pitch;

        E.    Contradict the Summons by encouraging consumers to telephone or email rather than filing a written response, thereby convincing consumers that an actual legal response is not necessary and that legal consequences do not await the consumer who fails to formally appear or answer the complaint;

        F.    Lure the consumer away from exercising his/her right to defend against Defendants' claims, by encouraging the consumer to "Avoid Going to Court" and to instead call or email the Kirkland Law Group, a sophisticated high-volume debt collection law firm;

        G.    Manipulate consumers into the dangerous notion that Defendants will act as the consumers' legal representation and assist consumers with analyzing the consumers' legal needs relative to the lawsuit by using the

CLASS ACTION COMPLAINT       9       Robert Mitchell Attorney at Law, PLLC
                                         1020 N. Washington | Spokane, WA 99201
                                         Ph (509) 327-2224 | Fax (509) 327-3374
                                         bobmitchellaw@yahoo.com

term: "Legal Analyst" in the email: "legalanalyst@kirklandlawgroup.com" and by instructing consumers to "CALL TODAY;"

      H.    Deceive consumers into believing that "Legal Analyst[s]", answer Kirkland Law Group's telephone, when in fact attorneys do not answer Kirkland's telephone, non-attorney debt collectors answer Kirkland's telephone, and non-attorney debt collectors working at a debt collection agency are prohibited by statute from providing consumers with legal advice;

      I.    Provoke consumers to seek to "settle" the lawsuit rather than file a timely notice of appearance or answer to the complaint by using the bold lettered phrase: "You Can Still Settle This Matter and Avoid Going to Court."

    1.19   Contrary to Defendants' deceptive misrepresentations, Defendants file default judgments against consumers without regard to whether the consumer calls or emails.

    1.20   Defendants' usual practice is to file default judgments against every consumer who does not file an answer or notice of appearance.  Point of fact, in <u>CACH, LLC. v. Johnathan and Jane Doe Larsen</u>, Spokane County District Court Cause No. 12132019 (May 7, 2012), the consumer hired an attorney who successfully defended Defendants' debt collection lawsuit, obtained a dismissal with prejudice and was paid costs and attorneys fees by Defendants for

CLASS ACTION COMPLAINT     10

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

successfully defending Defendants' lawsuit, yet, months later, Defendants filed a motion for default judgment and were actually able to convince the Court that the consumer had never appeared or answered the complaint.

1.21   Defendants are a default judgment mill that has no intention of "settling" cases for consumers who "call" or "Email."

1.22   Defendants' only goal in stapling the bright orange collection notice to the face of the Summons is to deceive consumers and facilitate default judgments.

1.23   Defendants, practicing attorneys at a law firm, crafted the language for this purpose.

1.24   Defendants, practicing attorneys at a law firm, designed these deceptive features and this deceptive method of serving a materially-altered Summons to mislead consumers into believing that they do not need to answer the complaints or otherwise appear or defend the lawsuits.

1.25   Defendants, practicing attorneys in a law firm, use this method of serving a deceptive Summons to ensure that more lawsuits result in uncontested default judgments, thereby saving Defendants the costs associated with contested litigation.

CLASS ACTION COMPLAINT                11         Robert Mitchell Attorney at Law, PLLC
                                                  1020 N. Washington | Spokane, WA 99201
                                                  Ph (509) 327-2224 | Fax (509) 327-3374
                                                  bobmitchelllaw@yahoo.com

1.26   Defendants, practicing attorneys in a law firm, designed the bright orange collection notices and this method of serving a deceptive Summons, for the purpose of increasing their own profits by denying unsuspecting consumers their day in Court.

1.27   Defendants' unfair and deceptive business practices are injuring Washington consumers.

1.28   Plaintiffs bring this lawsuit alleging four separate sub classes: 1) The first class, represented by RYAN KING, alleges that Defendants violated the Washington State Consumer Protection Act by engaging in unfair and deceptive business practices by stapling the first bright orange collection notice to the Summons and complaint; 2) The second class, represented by DENISE CAGE, alleges that Defendants violated the Washington State Consumer Protection Act by engaging in unfair and deceptive business practices by stapling the second bright orange collection notice to the Summons and complaint; 3) The third class, is a Fair Debt Collection Practices Act class, represented by RYAN KING, who received the initial notice referenced above; 4) The fourth class, is a Fair Debt Collection Practices Act class, represented by DENISE CAGE, who received the second notice referenced above.

CLASS ACTION COMPLAINT          12          Robert Mitchell Attorney at Law, PLLC
                                             1020 N. Washington | Spokane, WA 99201
                                             Ph (509) 327-2224 | Fax (509) 327-3374
                                             bobmitchelllaw@yahoo.com

1.29   The only method to ensure that Defendants do not continue to injure Washington consumers is for this Court to issue an injunction preventing Defendants from attaching *any* debt collection notices to Summonses or Complaints in the future.

1.30   To redress the damage already inflicted upon Washington consumers by Defendants' deceptive orange collection notice campaign, this Court must vacate any default judgments Defendants obtained through deceptive practices, and disgorge Defendants of all money obtained from consumers who received a default judgment after receiving a Summons or Complaint with Defendants' deceptive orange collection notice stapled thereto.

## II.   JURISDICTION AND VENUE

2.1   Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute involves predominantly issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiff CAGE occurred in this district, and where Plaintiff CAGE is a resident of this district, and where the Defendants conduct substantial business in this district.  (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

CLASS ACTION COMPLAINT          13

2.2     Defendants are liable unto Plaintiffs pursuant to the provisions of the Fair Debt Collection Practice Act, 15 U.S.C. §1692 et. seq., as well as other applicable federal and state laws.   Defendants are also liable unto Plaintiffs pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

### III.   **PARTIES**

3.1     Plaintiff, DENISE MARIE CAGE resides in King County, Washington.

3.2     Plaintiff, RYAN KING, resides in Clark County, Washington.

3.3     Plaintiffs are "debtor[s]" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Washington Collection Agency Act (WCAA) and "consumer[s]" as defined by the Washington Consumer Protection Act (WCPA), and Plaintiffs acted as "debtor[s]" and a "consumer[s]" at all times relevant to this litigation.

3.4     Defendant, CACH, LLC, (hereinafter "CACH"), is a purchaser of large portfolios of charged off credit card debts.

3.5     CACH regularly attempts to collect third party debts from consumers in Washington State.

CLASS ACTION COMPLAINT          14          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

3.6   CACH is a Colorado Limited Liability Company, headquartered at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237 and conducting business under Colorado ID Number 20051120495.

3.7   CACH is registered to conduct business in the state of Washington, under Unified Business ID (UBI) Number 603094219.

3.8   CACH is also licensed with the Washington State Department of Licensing as a collection agency.

3.9   CACH is a "collection agency" and a "licensee" as defined by the WCAA, a "business" as defined by the WCPA, and a "debt collector" as defined by the FDCPA, and CACH acted as such at all times material to this complaint.

3.10   CACH maintains an agent for service of process in Washington State, CT CORPORATION SYSTEM, 505 Union Ave. SE, Suite 120, Olympia, WA 98501.

3.11   Defendant, KIRKLAND LAW GROUP, PLLC (hereinafter "KIRKLAND"), is a Washington Debt Collection law firm, "KIRKLAND LAW GROUP," which regularly attempts to collect third party debts.

3.12   KIRKLAND is registered to conduct business in the State of Washington under UBI Number 603225731.

CLASS ACTION COMPLAINT            15            Robert Mitchell Attorney at Law, PLLC
                                                1020 N. Washington | Spokane, WA 99201
                                                Ph (509) 327-2224 | Fax (509) 327-3374
                                                bobmitchelllaw@yahoo.com

3.13   KIRKLAND is not licensed with the Washington State Department of Licensing as a collection agency.

3.14   KIRKLAND maintains a Website at www.kirklandlawgroup.com, which describes the law group's business activities, under a section entitled "Welcome to Kirkland Law Group" as follows:   *Our firm specializes in recovering distressed consumer assets, charged off credit debt, purchased by our client from banks and financial institutions.*"

3.15   KIRKLAND'S business activities are further self-described on its website, under a section entitled "What We Do," as follows:   *We recover charged-off receivables using two primary methodologies: pre-litigation and litigation.   Pre-litigation recoveries are made by our employees (Legal Assistants), who are non-attorney collectors, working closely with consumers under the direction of our Supervising Attorney to voluntarily resolve past due credit obligations.   This is accomplished through legally compliant and respectful communications with consumers.*"

3.16   KIRKLAND is therefore a "collection agency" as defined by the WCCA, a "business" as defined by the WCPA, and a "debt collector" as defined by the FDCPA, and KIRKLAND acted as such at all times material to this complaint.

CLASS ACTION COMPLAINT          16          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

3.17   Defendant, R. JEFF WADE is a debt collection attorney working for Defendant, KIRKLAND, and licensed to practice law under Washington State Bar Number 33679.

3.18   Defendant, R. JEFF WADE is a "collection agency" as defined by the WCCA, a "business" as defined by the WCPA, and a "debt collector" as defined by the FDCPA, and he acted as such at all times material to this complaint.

3.19   Defendant, JOHN JACOBSON is a debt collection attorney working for Defendant, KIRKLAND, and licensed to practice law under Washington State Bar Number 40002.

3.20   Defendant, JOHN JACOBSON is a "collection agency" as defined by the WCCA, a "business" as defined by the WCPA, and a "debt collector" as defined by the FDCPA, and he acted as such at all times material to this complaint.

## IV.   FACTUAL ALLEGATIONS RELEVANT TO ALL CLASSES

4.1   Plaintiffs re-allege paragraphs 1 through 3, inclusive as though fully set forth herein.

4.2   Defendants made attempts to collect the debts at the heart of this litigation.

CLASS ACTION COMPLAINT          17          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchelllaw@yahoo.com

4.3     Defendants' collection attempts upon those debts form the subject matter of this lawsuit.

4.4     Defendant, CACH is a large national junk debt buyer.

4.5     Junk debt buyers like CACH purchase large batches of charged off consumer credit card accounts for as little as pennies on the dollar.

4.6     Junk debt buyers like CACH buy these batches of accounts "without recourse," because the buyer and seller in such transactions know the accounts are unenforceable.

4.7     Junk debt buyers like CACH typically have no proof of the existence or amount of these accounts other than a computerized list that the junk debt buyers generate and maintain themselves.

4.8     Defendant, CACH directs the work of debt collection attorneys in jurisdictions across the United States to collect these junk debts.

4.9     Defendant, KIRKLAND is a debt collection law firm and collection agency hired by CACH to collect the debts at issue in this lawsuit.

4.10    The two debt collection attorney Defendants are both debt collectors and collection agencies.

4.11    Defendants are collection agencies and debt collectors.

4.12    The debts at the heart of this litigation are consumer debts.

CLASS ACTION COMPLAINT          18      Robert Mitchell Attorney at Law, PLLC
                                        1020 N. Washington | Spokane, WA 99201
                                        Ph (509) 327-2224 | Fax (509) 327-3374
                                        bobmitchellaw@yahoo.com

1    4.13   Defendants filed lawsuits against both Plaintiffs in attempt to collect

2    the debts at issue in this litigation.

3
4    4.14   Defendants served both Plaintiffs with Summonses and Complaints

5    in attempt to collect the debts at issue in this litigation.

6    4.15   Defendants attached bright orange collection notices to the

7    Summonses and Complaints Defendants served upon both Plaintiffs in attempt to

8
9    collect the debts at issue in this litigation.

10   4.16   All three bright orange collection notices were approximately half

11   the size of an 8 ½ x 11 inch piece of paper.

12
13   4.17   All three bright orange pieces of paper were stapled to the

14   Summonses served upon both Plaintiffs.

15
16   4.18   All three bright orange pieces of paper are deceptive.

17   ## V.    CLASS ACTION ALLEGATIONS

18   5.1    Plaintiffs re-allege paragraphs 1 through 4, inclusive as though fully

19   set forth herein.

20
21   5.2    Plaintiffs bring the following class action pursuant to Federal Rules

22   of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all class

23
24   members who were served with a Summons altered with a bright orange

25   collection notice by Defendants, substantially similar or materially identical to

26   CLASS ACTION COMPLAINT          19      Robert Mitchell Attorney at Law, PLLC
                                             1020 N. Washington | Spokane, WA 99201
                                             Ph (509) 327-2224 | Fax (509) 327-3374
                                             bobmitchellaw@yahoo.com

those served by Defendants during the four-year period immediately preceding the filing of this action.

5.3    The claims asserted in this case satisfy the requirements of Rule 23(a) because:

A.    The members of the class are so numerous that joinder of all members is impractical.

B.    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual class members.

C.    The only individual issue in the identification of consumers who received the orange-card Summons (i.e. the Class members), a matter capable of ministerial determination from Defendants' records.

D.    The Plaintiffs' claims are typical of the Class Members; all are based on the same facts and legal theories.

E.    Plaintiffs will fairly and adequately represent the Class members' interests.

F.    Plaintiffs have retained counsel experienced in brining class actions and collection-abuse claims.

CLASS ACTION COMPLAINT          20          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

G.     Plaintiffs' interests are consistent with those of the Class members.

5.4     A class action is the superior method for the fair and efficient adjudication of this controversy, especially where this case involves hundreds of deceptively obtained judgment in courts throughout the state of Washington.

5.5     Classwide relief is essential to compel Defendants to comply with the FDCPA.

5.6     The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small, because the statutory damages in an individual action for violation of the FDCPA are small.

5.7     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the Summonses at issue are all altered by misleading and deceptive bright orange collection notices and the Class members are the consumers who were served with Defendants' orange-card Summons.

5.8     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

5.9     Moreover, on information and belief, Plaintiffs allege that the

CLASS ACTION COMPLAINT          21          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

1    FDCPA violations complained of herein are substantially likely to continue in the

2    future if an injunction is not entered.

3
         5.10    Plaintiffs   seek   to   certify   four   separate   subclasses   through   this
4

5    litigation   where   Defendants   used   at   least   two   separate   deceptive   forms,   and

6    where the applicable statutes have varying elements and remedies.

7
         5.11    Plaintiffs   each   received   a   different   deceptive   form   and   will
8

9    adequately represent each separate class.

10
         5.12    Therefore,   depending   on   the   outcome   of   further   investigation   and
11

12   discovery, Plaintiffs may, at the time of class certification motion, seek to certify

13   one or more classes or subclasses only as to particular issues pursuant to Fed. R.

14   Civ. P. 23(c)(4).

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   CLASS ACTION COMPLAINT          22        Robert Mitchell Attorney at Law, PLLC
                                                1020 N. Washington | Spokane, WA 99201
                                                Ph (509) 327-2224 | Fax (509) 327-3374
                                                bobmitchellaw@yahoo.com

# RYAN KING CLASSES

## VI.   FACTUAL ALLEGATIONS RELEVANT TO RYAN KING CLASS

6.1     Plaintiffs re-allege paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2     On September 30, 2012, Plaintiff, RYAN KING was served with two copies of Defendants' Summons and complaint for a debt collection lawsuit that Defendants filed against RYAN KING in Clark County District Court.

6.3     On both of the copies of the Summons and Complaint that Plaintiff was served, a 4¼ x 5½ collection notice, on orange colored cardstock, was stapled to the front which contained the following text in substantially the following format:

THIS IS NOT A COURT DOCUMENT

## You Can Still Settle This Matter
## and Avoid Going to Court

Call: Legal Analyst    425-336-2573

Email: legalanalyst@kirklandlawgroup.com

# CALL TODAY

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**

CLASS ACTION COMPLAINT            23            Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

6.4    Plaintiff, RYAN KING, was deceived by the bright orange collection notice stapled to the Summons.

6.5    Plaintiff brings this action on behalf of himself and all others similarly situated so that Defendants are never permitted to engage in these unfair, deceptive and illegal acts and practices ever again.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT          24          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# RYAN KING

## <u>CLASS ONE</u>

### VII.   <u>FIRST CAUSE OF ACTION</u>

<u>(Washington State Collection Agency Act Violation)</u>

<u>(*Per Se* Washington State Consumer Protection Act Violation)</u>

7.1     Plaintiffs re-allege paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2     Washington's Collection Agency Act ("WCAA") at RCW 19.16.100(2) states that "'Collection agency' means and includes...Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

7.3     RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

7.4     RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter.

CLASS ACTION COMPLAINT          25          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

7.5    CACH is a Washington-licensed Collection Agency and is therefore a "Collection Agency" and a "licensee" for purposes of the WCAA.

7.6    KIRKLAND is a Washington Professional Limited Liability Company which acts as a collection agency because its business is to collect claims owed to third parties, and it advertises that it is a debt collector at its website, www.kirklandlawgroup.com.

7.7    The two debt collection attorney Defendants are both debt collectors and collection agencies.

7.8    The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

7.9    Plaintiff and class members are "debtors" as defined by RCW 19.16.100(11) because Defendants allege that Plaintiff and class members each owe a "claim."

7.10   The WCAA states: "no person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter...without having first applied for and obtained a license from the director." RCW 19.16.110.

CLASS ACTION COMPLAINT          26          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

7.11   The WCAA requires collection agencies to first be licensed before bringing a lawsuit. RCW 19.16.260.

7.12   The WCAA states that it is unprofessional conduct to fail to be licensed in this state or violate any provision of the chapter. RCW 19.16.120.

7.13   Furthermore, operating a collection agency without a license is a misdemeanor, punishable by a fine of up to $500, up to a year's imprisonment, and forfeiture of the collected funds. RCW 19.16.430.

7.14   A licensee's aiding and abetting an unlicensed collection agency to engage in business as a collection agency violates RCW 19.16.250(1).

7.15   On information and belief, Defendant KIRKLAND is a law firm only in name and functions as a collection agency that happens to have an in-house attorney, John Jacobson, who permits the CACH junk debt lawsuit enterprise to run under his bar number.

7.16   KIRKLAND is engaged in the entrepreneurial aspects of law and not the practice of law, and is thus subject to the CPA and must hold a Washington State Collection Agency License, *see*, Lang v. Gordon, No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law…")

CLASS ACTION COMPLAINT          27          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

7.17  KIRKLAND  and  the  two  Defendant  attorneys  (hereinafter "KIRKLAND" or "KLG") are therefore in violation of RCW 19.16.110, .120, and .260.

7.18  On information and belief, Defendant, CACH, is KIRKLAND's main client and CACH drafts pleadings and directs the work of KIRKLAND's attorney and staff of non-lawyer collector employees.

7.19  CACH, therefore, is aiding and abetting an unlicensed collection agency to engage in the business of a collection agency, in violation of RCW 19.16.250(1).

7.20  RCW 19.16.250(5) makes it a prohibited practice for Defendants' debt collection employees to "...perform any act or acts, either directly or indirectly, constituting the practice of law."

7.21  Nevertheless, Defendants' notices use the term "Legal Analyst" and encourage consumers to **"CALL TODAY"** to **"Settle This Matter and Avoid Going to Court."**

7.22  Defendants' "Legal Analyst" employees are nothing more than non-lawyer debt collectors with no legal training whatsoever.

7.23  When consumers telephone Defendants' debt collection agency, these "Legal Analysts" answer Defendants' telephone.

CLASS ACTION COMPLAINT          28          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

7.24   Defendants' non-lawyer "Legal Analysts" then provide consumers' with "Legal" advice regarding the debt collection lawsuits Defendants' file against consumers.

7.25   As a result, Defendants file debt collection lawsuits against consumers and then attempt to have non-lawyer debt collectors provide legal advice to the very same consumers Defendants are suing.

7.26   The above scenario is the exact reason the WCAA states: "No licensee or employee of a licensee shall perform any act or acts, either directly or indirectly, constituting the practice of law."  RCW 19.16.250(5).

7.27   Defendants' acts and practices directly violate the WCAA.

7.28   Additionally, RCW 19.16.250(8) makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type" certain specific details about the alleged debt.

7.29   Specifically, RCW 19.16.250(8)(a) requires that the collector include the "the name of the licensee and the city, street, and number at which he is licensed to do business" in its communication to the debtor.

CLASS ACTION COMPLAINT          29          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

7.30   Furthermore, RCW 19.16.250(8)(c) states that "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made...."

7.31   RCW 19.16.250(8)(c) goes on to state that the itemization of the claim must include, in relevant part: "(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment; (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee.... (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor; (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor."

CLASS ACTION COMPLAINT          30          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

1    7.32   Defendants, CACH and KIRKLAND violated RCW 19.16.250(8)

2    by failing to provide the required notices and other information on the bright

3    orange collection notice stapled to the Summonses at issue in this lawsuit.

4

5    7.33   Washington's Consumer Protection Act ("WCPA") states: "Unfair

6    methods of competition and unfair or deceptive acts or practices in the conduct of

7    any trade or commerce are hereby declared unlawful."  RCW 19.86.020.

8

9    7.34   The Collection Agency Act states that violations of RCW 19.16.250

10   and RCW 19.16.110 are *per se* violations of the Washington State Consumer

11   Protection Act.  RCW 19.16.440.

12

13   7.35   Defendants' violations caused actual economic damages, among

14   other damages, to Plaintiffs and to the class.

15

16   7.36   Defendants' violations are a direct and proximate cause of Plaintiffs'

17   and Class members' damages.

18   7.37   Defendants' actions were intentional, willful, wanton, unfair,

19   unconscionable and outrageous.

20

21   7.38   Defendants' conduct illustrates why an injunction is necessary to

22   protect Plaintiffs and other Washington consumers from similar harm.

23

24   //

25   //

26   CLASS ACTION COMPLAINT          31        Robert Mitchell Attorney at Law, PLLC
                                                1020 N. Washington | Spokane, WA 99201
                                                Ph (509) 327-2224 | Fax (509) 327-3374
                                                bobmitchellaw@yahoo.com

# RYAN KING

## <u>CLASS ONE</u>

### VIII.  <u>SECOND CAUSE OF ACTION</u>

(Washington State Consumer Protection Act, *In the Alternative*)

8.1   Plaintiffs re-allege paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2   Washington's CPA states: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

8.3   The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff and all others similarly situated were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

8.4   Washington Courts have already decided that Defendants' bright orange collection notice altered Summonses are misleading documents:

CLASS ACTION COMPLAINT          32          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

"…well settled is the principle that ambiguous, apparently inconsistent written communications served with a summons and which have the potential for misleading the defendant into not timely responding to the complaint warrant the vacation of a default judgment later taken".

<u>Wilma v. Harsin</u>, 77 Wn.App. 746, 750 (1995).

8.5    Nevertheless, to determine what constitutes an unfair or deceptive act or practice under Washington's CPA, Washington courts also look to the various federal statutes dealing with similar matters.  <u>Lightfoot v. MacDonald</u>, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).

8.6    The court in <u>Lightfoot</u> stated:

…we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act. <u>Lightfoot</u> at 335.

8.7    One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the <u>Federal Trade Commission Act</u>, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

CLASS ACTION COMPLAINT          33          Robert Mitchell Attorney at Law, PLLC
                                             1020 N. Washington | Spokane, WA 99201
                                             Ph (509) 327-2224 | Fax (509) 327-3374
                                             bobmitchellaw@yahoo.com

8.8   In addition to examining federal statutes to determine if a specific act is unfair and deceptive in violation of our state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  <u>Testo v. Dunmire Oldsmobile, Inc.</u>, 554 P.2d 349 (1976) citing <u>Tradewell Stores, Inc. v. T. B. & M., Inc.</u>, 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

8.9   In <u>Testo</u>, the court stated: "The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned." <u>Testo</u> at 350.

8.10  Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if Defendants violated Washington's CPA in the case at hand.

8.11  Under the FDCPA, the following are unfair acts and practices: to misrepresent the character and legal status of a debt, to use false and deceptive means to collect or attempt to collect a debt, and to use unfair and unconscionable means to collect or attempt to collect any debt.

8.12  More importantly, "**The false representation or implication that documents are not legal process forms or do not require action by the**

CLASS ACTION COMPLAINT            34          Robert Mitchell Attorney at Law, PLLC
                                                                          1020 N. Washington | Spokane, WA 99201
                                                                          Ph (509) 327-2224 | Fax (509) 327-3374
                                                                          bobmitchellaw@yahoo.com

**consumer, is also a violation of the FDCPA.**" 15 U.S.C. 1692e(15)(emphasis added).

8.13   In this case, Defendants violated the FDCPA and the WCAA by materially altering a Summons by stapling onto it a bright orange collection notice with deceptive language designed to increase Defendants' profits by deceiving consumers into not responding to the bright orange collection notice or the Summons, in the course of a junk debt lawsuit enterprise between a large national debt buyer and an unlicensed Washington collection agency with an in-house lawyer.

8.14   Where Defendant's acts are "unfair" and "deceptive" under the FDCPA and the WCAA, Defendants' acts are likewise "unfair" and "deceptive" acts or practices under this state's Consumer Protection Act.

8.15   Therefore, Defendants committed unfair and deceptive acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (WCPA) as codified in RCW 19.86, *et seq.,* where Defendants' collection acts and practices violated the FDCPA.

8.16   Plaintiff and all Class members suffered actual economic injury as a result of Defendants' actions.

CLASS ACTION COMPLAINT          35

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

8.17   Defendants' actions are a direct and proximate cause of Plaintiffs' and Class members' injuries.

8.18   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.19   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff, Class Members and other consumers and citizens from similar harm.

//

//

//

//

//

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT          36          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

# RYAN KING

# CLASS TWO

## IX.   FIRST CAUSE OF ACTION

(Fair Debt Collection Practices Act Violations)

9.1    Plaintiffs re-allege paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2    Congress enacted the Fair Debt Collection Practices Act (hereinafter FDCPA) in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1024 (9th Cir. 2012).

9.3    **"The false representation or implication that documents are not legal process forms or do not require action by the consumer"** is a violation of the FDCPA.  15 U.S.C. § 1692e(15)(*emphasis added*).

9.4    The Fair Debt Collection Practices Act is a strict liability statute, and prohibits deceptive or misleading debt collection from the perspective of the least

CLASS ACTION COMPLAINT          37          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

sophisticated consumer. Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988).

9.5    Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

9.6    The term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

9.7    The term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

9.8    The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts. See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994).

CLASS ACTION COMPLAINT            38        Robert Mitchell Attorney at Law, PLLC
                                             1020 N. Washington | Spokane, WA 99201
                                             Ph (509) 327-2224 | Fax (509) 327-3374
                                             bobmitchelllaw@yahoo.com

9.9     An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent. See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997) (holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice. He was regularly collecting consumer debts because that volume was great enough to meet the threshold).

9.10    Defendant, CACH is not an original creditor, and CACH regularly sues consumers to collect defaulted third party consumer accounts.

9.11    Defendant, KIRKLAND is a law firm of attorneys who regularly file lawsuits for their debt buyer and collection agency clients.

9.12    Therefore, the FDCPA applies in this case because the Plaintiffs are "debtor[s]," the debts at the heart of this case are "consumer debt[s]," which arose from transactions in which the services are primarily for personal, family, or household purposes, and the Defendants are "debt collectors" who attempted to collect debts originally owed to a third parties.

CLASS ACTION COMPLAINT         39          Robert Mitchell Attorney at Law, PLLC
                                           1020 N. Washington | Spokane, WA 99201
                                           Ph (509) 327-2224 | Fax (509) 327-3374
                                           bobmitchellaw@yahoo.com

9.13   The FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

9.14   "The false representation of the character, amount, or legal status of a debt…." violates 15 U.S.C. §1692e(2).

9.15   "**The false representation or implication that documents are not legal process forms or do not require action by the consumer**" is also a violation of the FDCPA.  15 U.S.C. §1692e(15)(*emphasis added*)

9.16   In addition, the FDCPA broadly prohibits "the use of *any* false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. §1692e(10); See also, Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982).

9.17   "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

9.18   In this case, Defendants materially altered the Summons by stapling a bright orange collection notice with deceptive language intended to mislead Plaintiffs into underestimating the seriousness of the formal court proceedings.

CLASS ACTION COMPLAINT          40          Robert Mitchell Attorney at Law, PLLC
                                                                    1020 N. Washington | Spokane, WA 99201
                                                                    Ph (509) 327-2224 | Fax (509) 327-3374
                                                                    bobmitchellaw@yahoo.com

9.19   Stapling a bright orange collection notice stating: "This is not a Court Document" and "you can still avoid going to court" is a false and misleading representation in violation of 15 U.S.C. §1692e.

9.20   The bright orange collection notice language, "you can still avoid going to court," seriously downplays the seriousness of formal court proceedings commenced by service or filing of the Summons and overshadows the language of the Summons, which falsely represents the legal status and character of the debt in violation of 15 U.S.C. §1692e(2).

9.21   The bright orange collection notice's language, **"CALL NOW!"** is designed to prevent consumers and debtors from responding in writing to the Summons as is required by the Civil Rules but is not well-understood by laypersons and the "least sophisticated consumer," in violation of 15 U.S.C. §1692e and e(2).

9.22   The bright orange collection notice's language, **"CALL NOW!"** is intended to provoke consumers and debtors into calling and coughing up a lot of personal financial information about themselves which Defendants have no business knowing and which Defendants will use against consumers and debtors, in violation of 15 U.S.C. §1692e(10).

CLASS ACTION COMPLAINT            41            Robert Mitchell Attorney at Law, PLLC
                                                1020 N. Washington | Spokane, WA 99201
                                                Ph (509) 327-2224 | Fax (509) 327-3374
                                                bobmitchellaw@yahoo.com

9.23   The bright orange collection notice's email address "legalanalyst" at klgnw.com is deceptive, because it lures consumers and debtors into thinking that someone at KLG is there to "help" them "analyze" their situation, in violation of 15 U.S.C. §1692e, e(2), e(10), and f.

9.24   The invitation to email in response to the bright orange collection notice is like the **"CALL NOW!"** language in that it is designed to prevent consumers and debtors from responding to the lawsuit in a _non-electronic_ writing to the Summons as is required by the Civil Rules but is not well-understood by laypersons and the "least sophisticated consumer," in violation of 15 U.S.C. §1692e and e(2).

9.25   All in all, the bright orange collection notice is designed to accomplish service of a lawsuit while at the same time distracting, downplaying, overshadowing, deceiving and misleading debtors and consumers into thinking that it is not a lawsuit, which is unfair and unconscionable in violation of 15 U.S.C. §1692f.

9.26   At the very least, the bright orange collection notice is designed to accomplish service of a lawsuit while at the same time distracting, downplaying, overshadowing, deceiving and misleading debtors and consumers into thinking that they can respond to the Summons by calling or emailing, when the process

CLASS ACTION COMPLAINT          42          Robert Mitchell Attorney at Law, PLLC
                                             1020 N. Washington | Spokane, WA 99201
                                             Ph (509) 327-2224 | Fax (509) 327-3374
                                             bobmitchellaw@yahoo.com

of responding to a lawsuit is confusing and challenging enough as it is for the layperson, let alone the least sophisticated consumer, which is unfair and unconscionable in violation of 15 U.S.C. §1692f.

9.27 Therefore, Defendants: 1) Falsely represented the character and legal status of the debt; 2) Engaged in unfair, deceptive, and unconscionable collection actions; and 3) Used other false, deceptive, and misleading representations and means to collect or attempt to collect the debts at issue in this litigation.

9.28 Plaintiffs and class members were injured by Defendants' actions.

9.29 Plaintiffs and class members suffered statutory damages in the amount of up to $1000 each individual.

9.30 Defendants' actions are a direct and proximate cause of Plaintiffs' and class members' injuries.

9.31 Defendants' actions were intentional, unfair, unconscionable and outrageous.

9.32 Plaintiffs and Class members are also entitled to, and do seek injunctive relief prohibiting Defendants' violations of the FDCPA in the future.

9.33 Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

CLASS ACTION COMPLAINT          43          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

# RYAN KING

# <u>CLASS TWO</u>

## X.   <u>SECOND CAUSE OF ACTION</u>

### (*Per Se* <u>Washington State Consumer Protection Act Violation)</u>

10.1   Plaintiffs re-allege paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2   Washington's Collection Agency Act ("WCAA") at RCW 19.16.100(2) states that "'Collection agency' means and includes…Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

10.3   RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

10.4   RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter.

10.5   CACH is a Washington-licensed Collection Agency and is therefore a "Collection Agency" and a "licensee" for purposes of the WCAA.

CLASS ACTION COMPLAINT          44          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

10.6 KIRKLAND is a Washington Professional Limited Liability Company which acts as a collection agency because its business is to collect claims owed to third parties, and it advertises that it is a debt collector at its website, www.kirklandlawgroup.com.

10.7 The two debt collection attorney Defendants are both debt collectors and collection agencies.

10.8 The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

10.9 Plaintiff and class members are "debtors" as defined by RCW 19.16.100(11) because Defendants allege that Plaintiff and class members each owe a "claim."

10.10 The WCAA states: "no person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter...without having first applied for and obtained a license from the director." RCW 19.16.110.

10.11 The WCAA requires collection agencies to first be licensed before bringing a lawsuit. RCW 19.16.260.

CLASS ACTION COMPLAINT          45          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

10.12 The WCAA states that it is unprofessional conduct to fail to be licensed in this state or violate any provision of the chapter. RCW 19.16.120.

10.13 Furthermore, operating a collection agency without a license is a misdemeanor, punishable by a fine of up to $500, up to a year's imprisonment, and forfeiture of the collected funds. RCW 19.16.430.

10.14 A licensee's aiding and abetting an unlicensed collection agency to engage in business as a collection agency violates RCW 19.16.250(1).

10.15 On information and belief, Defendant KIRKLAND is a law firm only in name and functions as a collection agency that happens to have an in-house attorney, John Jacobson, who permits the CACH junk debt lawsuit enterprise to run under his bar number.

10.16 KIRKLAND is engaged in the entrepreneurial aspects of law and not the practice of law, and is thus subject to the CPA and must hold a Washington State Collection Agency License, *see*, Lang v. Gordon, No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law…")

CLASS ACTION COMPLAINT          46          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

10.17 KIRKLAND and the two Defendant attorneys (hereinafter "KIRKLAND" or "KLG") are therefore in violation of RCW 19.16.110, .120, and .260.

10.18 On information and belief, Defendant, CACH, is KIRKLAND's main client and CACH drafts pleadings and directs the work of KIRKLAND's attorney and staff of non-lawyer collector employees.

10.19 CACH, therefore, is aiding and abetting an unlicensed collection agency to engage in the business of a collection agency, in violation of RCW 19.16.250(1).

10.20 RCW 19.16.250(5) makes it a prohibited practice for Defendants' debt collection employees to "…perform any act or acts, either directly or indirectly, constituting the practice of law."

10.21 Nevertheless, Defendants' notices use the term "Legal Analyst" and encourage consumers to "**CALL TODAY**" to "**Settle This Matter and Avoid Going to Court.**"

10.22 Defendants' "Legal Analyst" employees are nothing more than non-lawyer debt collectors with no legal training whatsoever.

10.23 When consumers telephone Defendants' debt collection agency, these "Legal Analysts" answer Defendants' telephone.

CLASS ACTION COMPLAINT          47          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

10.24 Defendants' non-lawyer "Legal Analysts" then provide consumers' with "Legal" advice regarding the debt collection lawsuits Defendants' file against consumers.

10.25 As a result, Defendants file debt collection lawsuits against consumers and then attempt to have non-lawyer debt collectors provide legal advice to the very same consumers Defendants are suing.

10.26 The above scenario is the exact reason the WCAA states: "No licensee or employee of a licensee shall perform any act or acts, either directly or indirectly, constituting the practice of law." RCW 19.16.250(5).

10.27 Defendants' acts and practices directly violate the WCAA.

10.28 RCW 19.16.250(8) makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type" certain specific details about the alleged debt.

10.29 Specifically, RCW 19.16.250(8)(a) requires that the collector include the "the name of the licensee and the city, street, and number at which he is licensed to do business" in its communication to the debtor.

CLASS ACTION COMPLAINT          48          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchelllaw@yahoo.com

10.30 Furthermore, RCW 19.16.250(8)(c) states that "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made...."

10.31 RCW 19.16.250(8)(c) goes on to state that the itemization of the claim must include, in relevant part: "(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment; (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee.... (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor; (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor."

CLASS ACTION COMPLAINT          49

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

10.32 Defendants CACH and KIRKLAND violated RCW 19.16.250(8) by failing to provide the required notices and other information on the bright orange collection notice stapled to the Summonses at issue in this lawsuit.

10.33 Washington's Consumer Protection Act ("WCPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

10.34 The Collection Agency Act states that violations of RCW 19.16.250 and RCW 19.16.110 are *per se* violations of the Washington State Consumer Protection Act. RCW 19.16.440.

10.35 Defendants' violations caused actual economic damages, among other damages, to Plaintiffs and to the class.

10.36 Defendants' violations are a direct and proximate cause of Plaintiffs' and Class members' damages.

10.37 Defendants' actions were intentional, willful, wanton, unfair, unconscionable and outrageous.

10.38 Defendants' conduct illustrates why an injunction is necessary to protect Plaintiffs and other Washington consumers from similar harm.

//

//

CLASS ACTION COMPLAINT          50          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

# RYAN KING

## CLASS TWO

### XI.   THIRD CAUSE OF ACTION

(Washington State Consumer Protection Act, *In the Alternative*)

11.1   Plaintiffs re-allege paragraphs 1 through 10, inclusive as though fully set forth herein.

11.2   Washington's CPA states: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

11.3   The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff and all others similarly situated were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

11.4   Washington Courts have already decided that Defendants' bright orange collection notice altered Summonses are misleading documents:

CLASS ACTION COMPLAINT          51          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

> "...well settled is the principle that ambiguous, apparently inconsistent written communications served with a summons and which have the potential for misleading the defendant into not timely responding to the complaint warrant the vacation of a default judgment later taken".

Wilma v. Harsin, 77 Wn.App. 746, 750 (1995).

11.5   Nevertheless, to determine what constitutes an unfair or deceptive act or practice under Washington's CPA, Washington courts also look to the various federal statutes dealing with similar matters.   Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).

11.6   The court in Lightfoot stated:

> ...we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act. Lightfoot at 335.

11.7   One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

CLASS ACTION COMPLAINT          52          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

11.8   In addition to examining federal statutes to determine if a specific act is unfair and deceptive in violation of our state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

11.9   In Testo, the court stated:  "The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned."  Testo at 350.

11.10 Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if Defendants violated Washington's CPA in the case at hand.

11.11 Under the FDCPA, the following are unfair acts and practices: to misrepresent the character and legal status of a debt, to use false and deceptive means to collect or attempt to collect a debt, and to use unfair and unconscionable means to collect or attempt to collect any debt.

11.12 More importantly, **"The false representation or implication that documents are not legal process forms or do not require action by the**

CLASS ACTION COMPLAINT              53         Robert Mitchell Attorney at Law, PLLC
                                                1020 N. Washington | Spokane, WA 99201
                                                Ph (509) 327-2224 | Fax (509) 327-3374
                                                bobmitchellaw@yahoo.com

**consumer, is also a violation of the FDCPA.**"  15 U.S.C. 1692e(15)(emphasis added).

11.13 In this case, Defendants violated the FDCPA and the WCAA by materially altering a Summons by stapling onto it a bright orange collection notice with deceptive language designed to increase Defendants' profits by deceiving consumers into not responding to the bright orange collection notice or the Summons, in the course of a junk debt lawsuit enterprise between a large national debt buyer and an unlicensed Washington collection agency with an in-house lawyer.

11.14 Where Defendant's acts are "unfair" and "deceptive" under the FDCPA and the WCAA, Defendants' acts are likewise "unfair" and "deceptive" acts or practices under this state's Consumer Protection Act.

11.15 Therefore, Defendants committed unfair and deceptive acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (WCPA) as codified in RCW 19.86, *et seq.,* where Defendants' collection acts and practices violated the FDCPA.

11.16 Plaintiff and all Class members suffered actual economic injury as a result of Defendants' actions.

CLASS ACTION COMPLAINT            54            Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

1    11.17 Defendants' actions are a direct and proximate cause of Plaintiffs'

2    and Class members' injuries.

3    11.18 Defendants' actions were intentional, willful, wanton, unfair,

4

5    unconscionable, and outrageous.

6    11.19 Defendants' actions illustrate why an injunction is necessary to

7

8    protect Plaintiff, Class Members and other consumers and citizens from similar

9    harm.

10   //

11   //

12   //

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   CLASS ACTION COMPLAINT          55        Robert Mitchell Attorney at Law, PLLC
                                                1020 N. Washington | Spokane, WA 99201
                                                Ph (509) 327-2224 | Fax (509) 327-3374
                                                bobmitchellaw@yahoo.com

# DENISE MARIE CAGE CLASS

**XII.   FACTUAL ALLEGATIONS RELEVANT TO DENISE CAGE CLASS**

12.1   Plaintiffs re-allege paragraphs 1 through 11, inclusive as though fully set forth herein.

12.2   On or about July 24, 2013, Defendants served Plaintiff, DENISE CAGE, with a King County District Court lawsuit in attempt to collect an old charged off debt that was originally owed to a third party.

12.3   On the Summons and Complaint that Plaintiff was served, a 4¼ x 5½ collection notice, on orange colored cardstock paper, was stapled to the front which contained the following text in substantially the following format:

## You Can Still Settle This Matter

## And Avoid Going to Court

# Call:     866.203-0094

### Email: legalanalyst@KLGNW.com

# CALL NOW!

## THIS IS A COMMUNICTION FROM A DEBT COLLECTOR

CLASS ACTION COMPLAINT          56          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

12.4  Plaintiff, DENISE CAGE, was misled by the bright orange collection notice stapled to the Summons.

12.5  Plaintiff brings this action on behalf of herself and all others similarly situated so that Defendants are never permitted to engage in these unfair, deceptive and illegal acts and practices ever again.

//

//

//

//

//

//

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT        57        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# DENISE CAGE

# **CLASS THREE**

### XIII. <u>FIRST CAUSE OF ACTION</u>

<u>(Washington State Collection Agency Act Violation)</u>

<u>(*Per Se* Washington State Consumer Protection Act Violation)</u>

13.1   Plaintiffs re-allege paragraphs 1 through 12, inclusive as though fully set forth herein.

13.2   Washington's Collection Agency Act ("WCAA") at RCW 19.16.100(2) states that "'Collection agency' means and includes…Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

13.3   RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

13.4   RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter.

CLASS ACTION COMPLAINT          58          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

13.5   CACH is a Washington-licensed Collection Agency and is therefore a "Collection Agency" and a "licensee" for purposes of the WCAA.

13.6   KIRKLAND is a Washington Professional Limited Liability Company which acts as a collection agency because its business is to collect claims owed to third parties, and it advertises that it is a debt collector at its website, www.kirklandlawgroup.com.

13.7   The two debt collection attorney Defendants are both debt collectors and collection agencies.

13.8   The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

13.9   Plaintiff and class members are "debtors" as defined by RCW 19.16.100(11) because Defendants allege that Plaintiff and class members each owe a "claim."

13.10  The WCAA states: "no person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter…without having first applied for and obtained a license from the director." RCW 19.16.110.

CLASS ACTION COMPLAINT        59        Robert Mitchell Attorney at Law, PLLC
                                         1020 N. Washington | Spokane, WA 99201
                                         Ph (509) 327-2224 | Fax (509) 327-3374
                                         bobmitchellaw@yahoo.com

13.11 The WCAA requires collection agencies to first be licensed before bringing a lawsuit. RCW 19.16.260.

13.12 The WCAA states that it is unprofessional conduct to fail to be licensed in this state or violate any provision of the chapter. RCW 19.16.120.

13.13 Furthermore, operating a collection agency without a license is a misdemeanor, punishable by a fine of up to $500, up to a year's imprisonment, and forfeiture of the collected funds. RCW 19.16.430.

13.14 A licensee's aiding and abetting an unlicensed collection agency to engage in business as a collection agency violates RCW 19.16.250(1).

13.15 On information and belief, Defendant KIRKLAND is a law firm only in name and functions as a collection agency that happens to have an in-house attorney, John Jacobson, who permits the CACH junk debt lawsuit enterprise to run under his bar number.

13.16 KIRKLAND is engaged in the entrepreneurial aspects of law and not the practice of law, and is thus subject to the CPA and must hold a Washington State Collection Agency License, *see*, Lang v. Gordon, No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law…")

CLASS ACTION COMPLAINT          60          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

13.17 KIRKLAND and the two Defendant attorneys (hereinafter "KIRKLAND" or "KLG") are therefore in violation of RCW 19.16.110, .120, and .260.

13.18 On information and belief, Defendant, CACH, is KIRKLAND's main client and CACH drafts pleadings and directs the work of KIRKLAND's attorney and staff of non-lawyer collector employees.

13.19 CACH, therefore, is aiding and abetting an unlicensed collection agency to engage in the business of a collection agency, in violation of RCW 19.16.250(1).

13.20 RCW 19.16.250(5) makes it a prohibited practice for Defendants' debt collection employees to "...perform any act or acts, either directly or indirectly, constituting the practice of law."

13.21 Nevertheless, Defendants' notices use the term "Legal Analyst" and encourage consumers to "**CALL TODAY**" to "**Settle This Matter and Avoid Going to Court.**"

13.22 Defendants' "Legal Analyst" employees are nothing more than non-lawyer debt collectors with no legal training whatsoever.

13.23 When consumers telephone Defendants' debt collection agency, these "Legal Analysts" answer Defendants' telephone.

CLASS ACTION COMPLAINT          61          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

13.24 Defendants' non-lawyer "Legal Analysts" then provide consumers' with "Legal" advice regarding the debt collection lawsuits Defendants' file against consumers.

13.25 As a result, Defendants file debt collection lawsuits against consumers and then attempt to have non-lawyer debt collectors provide legal advice to the very same consumers Defendants are suing.

13.26 The above scenario is the exact reason the WCAA states: "No licensee or employee of a licensee shall perform any act or acts, either directly or indirectly, constituting the practice of law." RCW 19.16.250(5).

13.27 Defendants' acts and practices directly violate the WCAA.

13.28 RCW 19.16.250(8) makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type" certain specific details about the alleged debt.

13.29 Specifically, RCW 19.16.250(8)(a) requires that the collector include the "the name of the licensee and the city, street, and number at which he is licensed to do business" in its communication to the debtor.

CLASS ACTION COMPLAINT          62          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

13.30 Furthermore, RCW 19.16.250(8)(c) states that "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made...."

13.31 RCW 19.16.250(8)(c) goes on to state that the itemization of the claim must include, in relevant part: "(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment; (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee.... (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor; (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor."

CLASS ACTION COMPLAINT          63          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

13.32 Defendants CACH and KIRKLAND violated RCW 19.16.250(8) by failing to provide the required notices and other information on the bright orange collection notice stapled to the Summonses at issue in this lawsuit.

13.33 Washington's Consumer Protection Act ("WCPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

13.34 The Collection Agency Act states that violations of RCW 19.16.250 and RCW 19.16.110 are *per se* violations of the Washington State Consumer Protection Act. RCW 19.16.440.

13.35 Defendants' violations caused actual economic damages, among other damages, to Plaintiffs and to the class.

13.36 Defendants' violations are a direct and proximate cause of Plaintiffs' and Class members' damages.

13.37 Defendants' actions were intentional, willful, wanton, unfair, unconscionable and outrageous.

13.38 Defendants' conduct illustrates why an injunction is necessary to protect Plaintiffs and other Washington consumers from similar harm.

//

//

CLASS ACTION COMPLAINT          64          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# DENISE CAGE

## CLASS THREE

### VIV.  SECOND CAUSE OF ACTION

(Washington State Consumer Protection Act, *In the Alternative*)

14.1   Plaintiffs re-allege paragraphs 1 through 13, inclusive as though fully set forth herein.

14.2   Washington's CPA states: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

14.3   The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff and all others similarly situated were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

14.4   Washington Courts have already decided that Defendants' bright orange collection notice altered Summonses are misleading documents:

CLASS ACTION COMPLAINT          65          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

1

2

3

4

> "...well settled is the principle that ambiguous, apparently inconsistent written communications served with a summons and which have the potential for misleading the defendant into not timely responding to the complaint warrant the vacation of a default judgment later taken".

5

Wilma v. Harsin, 77 Wn.App. 746, 750 (1995).

6

7

8

9

14.5   Nevertheless, to determine what constitutes an unfair or deceptive act or practice under Washington's CPA, Washington courts also look to the various federal statutes dealing with similar matters.   Lightfoot v. MacDonald, 86

10

Wn.2d 331, 335, 544 P.2d 88 (1976).

11

12

14.6   The court in Lightfoot stated:

13

14

15

> ...we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.
> Lightfoot at 335.

16

17

18

19

20

21

22

23

14.7   One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

24

25

26

CLASS ACTION COMPLAINT            66

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

14.8   In addition to examining federal statutes to determine if a specific act is unfair and deceptive in violation of our state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.  Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

14.9   In Testo, the court stated:  "The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned."  Testo at 350.

14.10 Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if Defendants violated Washington's CPA in the case at hand.

14.11 Under the FDCPA, the following are unfair acts and practices: to misrepresent the character and legal status of a debt, to use false and deceptive means to collect or attempt to collect a debt, and to use unfair and unconscionable means to collect or attempt to collect any debt.

14.12 More importantly, **"The false representation or implication that documents are not legal process forms or do not require action by the**

CLASS ACTION COMPLAINT         67         Robert Mitchell Attorney at Law, PLLC
                                                         1020 N. Washington | Spokane, WA 99201
                                                         Ph (509) 327-2224 | Fax (509) 327-3374
                                                         bobmitchellaw@yahoo.com

**consumer, is also a violation of the FDCPA.**" 15 U.S.C. 1692e(15)(emphasis added).

14.13 In this case, Defendants violated the FDCPA and the WCAA by materially altering a Summons by stapling onto it a bright orange collection notice with deceptive language designed to increase Defendants' profits by deceiving consumers into not responding to the bright orange collection notice or the Summons, in the course of a junk debt lawsuit enterprise between a large national debt buyer and an unlicensed Washington collection agency with an in-house lawyer.

14.14 Where Defendant's acts are "unfair" and "deceptive" under the FDCPA and the WCAA, Defendants' acts are likewise "unfair" and "deceptive" acts or practices under this state's Consumer Protection Act.

14.15 Therefore, Defendants committed unfair and deceptive acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (WCPA) as codified in RCW 19.86, *et seq.,* where Defendants' collection acts and practices violated the FDCPA.

14.16 Plaintiff and all Class members suffered actual economic injury as a result of Defendants' actions.

CLASS ACTION COMPLAINT        68        Robert Mitchell Attorney at Law, PLLC
                                        1020 N. Washington | Spokane, WA 99201
                                        Ph (509) 327-2224 | Fax (509) 327-3374
                                        bobmitchelllaw@yahoo.com

14.17 Defendants' actions are a direct and proximate cause of Plaintiffs' and Class members' injuries.

14.18 Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

14.19 Defendants' actions illustrate why an injunction is necessary to protect Plaintiff, Class Members and other consumers and citizens from similar harm.

//

//

//

//

//

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT          69          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# DENISE CAGE

# **CLASS FOUR**

## XV.   **FIRST CAUSE OF ACTION**

### (Fair Debt Collection Practices Act Violations)

15.1   Plaintiffs re-allege paragraphs 1 through 14, inclusive as though fully set forth herein.

15.2   Congress enacted the Fair Debt Collection Practices Act (hereinafter FDCPA) in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1024 (9th Cir. 2012).

15.3   **"The false representation or implication that documents are not legal process forms or do not require action by the consumer"** is a violation of the FDCPA.  15 U.S.C. § 1692e(15)(*emphasis added*).

15.4   The Fair Debt Collection Practices Act is a strict liability statute, and prohibits deceptive or misleading debt collection from the perspective of the least

CLASS ACTION COMPLAINT          70          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

sophisticated consumer. <u>Swanson v. Southern Oregon Credit Service, Inc.,</u> 869 F.2d 1222 (9th Cir. 1988).

15.5   Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

15.6   The term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

15.7   The term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

15.8   The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts.  See <u>Fox v. Citicorp Credit Servs., Inc.,</u> 15 F.3d 1507 (9th Cir. 1994).

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

15.9   An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent.  See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997) (holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice.  He was regularly collecting consumer debts because that volume was great enough to meet the threshold).

15.10   Defendant, CACH is not an original creditor, and CACH regularly sues consumers to collect defaulted third party consumer accounts.

15.11   Defendant, KIRKLAND is a law firm of attorneys who regularly file lawsuits for their debt buyer and collection agency clients.

15.12   Therefore, the FDCPA applies in this case because the Plaintiffs are "debtor[s]," the debts at the heart of this case are "consumer debt[s]," which arose from transactions in which the services are primarily for personal, family, or household purposes, and the Defendants are "debt collectors" who attempted to collect debts originally owed to a third parties.

CLASS ACTION COMPLAINT                72          Robert Mitchell Attorney at Law, PLLC
                                                  1020 N. Washington | Spokane, WA 99201
                                                  Ph (509) 327-2224 | Fax (509) 327-3374
                                                  bobmitchellaw@yahoo.com

15.13 The FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

15.14 "The false representation of the character, amount, or legal status of a debt…." violates 15 U.S.C. §1692e(2).

15.15 **"The false representation or implication that documents are not legal process forms or do not require action by the consumer"** is also a violation of the FDCPA. 15 U.S.C. §1692e(15)(*emphasis added*).

15.16 In addition, the FDCPA broadly prohibits "the use of *any* false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. §1692e(10); See also, Baker v. G.C. Servs. Corp., 677 F.2d 775, 778 (9th Cir. 1982).

15.17 "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

15.18 In this case, Defendants materially altered the Summons by stapling an bright orange collection notice with deceptive language intended to mislead Plaintiffs into underestimating the seriousness of the formal court proceedings.

CLASS ACTION COMPLAINT          73          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

15.19 Stapling a bright orange collection notice stating: "you **can still avoid going to court**" is a false and misleading representation in violation of 15 U.S.C. §1692e.

15.20 The bright orange collection notice language, "**you can still avoid going to court**," seriously downplays the seriousness of formal court proceedings commenced by service or filing of the Summons and overshadows the language of the Summons, which falsely represents the legal status and character of the debt in violation of 15 U.S.C. §1692e(2).

15.21 The bright orange collection notice language, "**CALL NOW!**" is designed to prevent consumers and debtors from responding in writing to the Summons as is required by the Civil Rules but is not well-understood by laypersons and the "least sophisticated consumer," in violation of 15 U.S.C. §1692e and e(2).

15.22 The bright orange collection notice language, "**CALL NOW!**" is intended to provoke consumers and debtors into calling and coughing up a lot of personal financial information about themselves which Defendants have no business knowing and which Defendants will use against consumers and debtors, in violation of 15 U.S.C. §1692e(10).

CLASS ACTION COMPLAINT           74           Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

15.23 The bright orange collection notice email address "**legalanalyst**" at klgnw.com is deceptive, because it lures consumers and debtors into thinking that someone at KLG is there to "help" them "analyze" their situation, in violation of 15 U.S.C. §1692e, e(2), e(10), and f.

15.24 The bright orange collection notice email address "**legalanalyst**" at klgnw.com is deceptive, because it lures consumers and debtors into thinking that someone at KLG is there to "help" them "analyze" their situation, in violation of 15 U.S.C. §1692e, e(2), e(10), and f.

15.25 The invitation to email in response to the bright orange collection notice is like the "**CALL NOW!**" language in that it is designed to prevent consumers and debtors from responding to the lawsuit in a _non-electronic_ writing to the Summons as is required by the Civil Rules but is not well-understood by laypersons and the "least sophisticated consumer," in violation of 15 U.S.C. §1692e and e(2).

15.26 All in all, the bright orange collection notice is designed to accomplish service of a lawsuit while at the same time distracting, downplaying, overshadowing, deceiving and misleading debtors and consumers into thinking that it is not a lawsuit, which is unfair and unconscionable in violation of 15 U.S.C. §1692f.

CLASS ACTION COMPLAINT          75          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

15.27 At the very least, the bright orange collection notice is designed to accomplish service of a lawsuit while at the same time distracting, downplaying, overshadowing, deceiving and misleading debtors and consumers into thinking that they can respond to the Summons by calling or emailing, when the process of responding to a lawsuit is confusing and challenging enough as it is for the layperson, let alone the least sophisticated consumer, which is unfair and unconscionable in violation of 15 U.S.C. §1692f.

15.28 Therefore, Defendants: 1) Falsely represented the character and legal status of the debt; 2) Engaged in unfair, deceptive, and unconscionable collection actions; and 3) Used other false, deceptive, and misleading representations and means to collect or attempt to collect the debts at issue in this litigation.

15.29 Plaintiffs and class members were injured by Defendants' actions.

15.30 Plaintiffs and class members suffered statutory damages in the amount of up to $1000 each individual.

15.31 Defendants' actions are a direct and proximate cause of Plaintiffs' and class members' injuries.

15.32 Defendants' actions were intentional, unfair, unconscionable and outrageous.

CLASS ACTION COMPLAINT          76          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

15.33 Plaintiffs and Class members are also entitled to, and do seek injunctive relief prohibiting Defendants' violations of the FDCPA in the future.

15.34 Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT          77          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# DENISE CAGE

# <u>CLASS FOUR</u>

### XVI. <u>SECOND CAUSE OF ACTION</u>

<u>(Washington State Collection Agency Act Violation)</u>

<u>(*Per Se* Washington State Consumer Protection Act Violation)</u>

16.1  Plaintiffs re-allege paragraphs 1 through 15, inclusive as though fully set forth herein.

16.2  Washington's Collection Agency Act ("WCAA") at RCW 19.16.100(2) states that "'Collection agency' means and includes...Any person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."

16.3  RCW 19.16.100(1) states that a "Person" for purposes of the Collection Agency Act "includes individual, firm, partnership, trust, joint venture, association, or corporation."

16.4  RCW 19.16.100(9) states that a "licensee" for purposes of the Collection Agency Act "means any person licensed under this chapter.

CLASS ACTION COMPLAINT          78          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

16.5   CACH is a Washington-licensed Collection Agency and is therefore a "Collection Agency" and a "licensee" for purposes of the WCAA.

16.6   KIRKLAND is a Washington Professional Limited Liability Company which acts as a collection agency because its business is to collect claims owed to third parties, and it advertises that it is a debt collector at its website, www.kirklandlawgroup.com.

16.7   The two debt collection attorney Defendants are both debt collectors and collection agencies.

16.8   The alleged debt in this case is a "claim" as defined by RCW 19.16.100(5) because it is an "obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."

16.9   Plaintiff and class members are "debtors" as defined by RCW 19.16.100(11) because Defendants allege that Plaintiff and class members each owe a "claim."

16.10 The WCAA states: "no person shall act, assume to act, or advertise as a collection agency or out-of-state collection agency as defined in this chapter…without having first applied for and obtained a license from the director." RCW 19.16.110.

CLASS ACTION COMPLAINT          79          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

16.11 The WCAA requires collection agencies to first be licensed before bringing a lawsuit. RCW 19.16.260.

16.12 The WCAA states that it is unprofessional conduct to fail to be licensed in this state or violate any provision of the chapter. RCW 19.16.120.

16.13 Furthermore, operating a collection agency without a license is a misdemeanor, punishable by a fine of up to $500, up to a year's imprisonment, and forfeiture of the collected funds. RCW 19.16.430.

16.14 A licensee's aiding and abetting an unlicensed collection agency to engage in business as a collection agency violates RCW 19.16.250(1).

16.15 On information and belief, Defendant KIRKLAND is a law firm only in name and functions as a collection agency that happens to have an in-house attorney, John Jacobson, who permits the CACH junk debt lawsuit enterprise to run under his bar number.

16.16 KIRKLAND is engaged in the entrepreneurial aspects of law and not the practice of law, and is thus subject to the CPA and must hold a Washington State Collection Agency License, see, Lang v. Gordon, No. C10-819RSL, 2011 WL 62141 at *3 (W.D. Wash., Jan. 6, 2011) ("[L]awyers who are acting as debt collectors are engaging in the entrepreneurial aspects of law rather than practicing law...")

CLASS ACTION COMPLAINT         80        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

16.17 KIRKLAND and the two Defendant attorneys (hereinafter "KIRKLAND" or "KLG") are therefore in violation of RCW 19.16.110, .120, and .260.

16.18 On information and belief, Defendant, CACH, is KIRKLAND's main client and CACH drafts pleadings and directs the work of KIRKLAND's attorney and staff of non-lawyer collector employees.

16.19 CACH, therefore, is aiding and abetting an unlicensed collection agency to engage in the business of a collection agency, in violation of RCW 19.16.250(1).

16.20 RCW 19.16.250(5) makes it a prohibited practice for Defendants' debt collection employees to "...perform any act or acts, either directly or indirectly, constituting the practice of law."

16.21 Nevertheless, Defendants' notices use the term "Legal Analyst" and encourage consumers to **"CALL TODAY"** to **"Settle This Matter and Avoid Going to Court**."

16.22 Defendants' "Legal Analyst" employees are nothing more than non-lawyer debt collectors with no legal training whatsoever.

16.23 When consumers telephone Defendants' debt collection agency, these "Legal Analysts" answer Defendants' telephone.

CLASS ACTION COMPLAINT          81          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

16.24 Defendants' non-lawyer "Legal Analysts" then provide consumers' with "Legal" advice regarding the debt collection lawsuits Defendants' file against consumers.

16.25 As a result, Defendants file debt collection lawsuits against consumers and then attempt to have non-lawyer debt collectors provide legal advice to the very same consumers Defendants are suing.

16.26 The above scenario is the exact reason the WCAA states: "No licensee or employee of a licensee shall perform any act or acts, either directly or indirectly, constituting the practice of law." RCW 19.16.250(5).

16.27 Defendants' acts and practices directly violate the WCAA.

16.28 RCW 19.16.250(8) makes it a prohibited practice for a collector to "Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form which represents or implies that a claim exists unless it shall indicate in clear and legible type" certain specific details about the alleged debt.

16.29 Specifically, RCW 19.16.250(8)(a) requires that the collector include the "the name of the licensee and the city, street, and number at which he is licensed to do business" in its communication to the debtor.

CLASS ACTION COMPLAINT                82           Robert Mitchell Attorney at Law, PLLC
                                                    1020 N. Washington | Spokane, WA 99201
                                                    Ph (509) 327-2224 | Fax (509) 327-3374
                                                    bobmitchellaw@yahoo.com

16.30 Furthermore, RCW 19.16.250(8)(c) states that "If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or its first notice to the debtor, an itemization of the claim asserted must be made...."

16.31 RCW 19.16.250(8)(c) goes on to state that the itemization of the claim must include, in relevant part: "(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment; (ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee.... (iii) Interest or service charge, if any, added by the licensee or customer or assignor after the obligation was received by the licensee for collection; (iv) Collection costs, if any, that the licensee is attempting to collect; (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or its behalf or on the behalf of a customer or assignor; (vi) Any other charge or fee that the licensee is attempting to collect on his or its own behalf or on the behalf of a customer or assignor."

CLASS ACTION COMPLAINT 83

16.32 Defendants CACH and KIRKLAND violated RCW 19.16.250(8) by failing to provide the required notices and other information on the bright orange collection notice stapled to the Summonses at issue in this lawsuit.

16.33 Washington's Consumer Protection Act ("WCPA") states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

16.34 The Collection Agency Act states that violations of RCW 19.16.250 and RCW 19.16.110 are *per se* violations of the Washington State Consumer Protection Act. RCW 19.16.440.

16.35 Defendants' violations caused actual economic damages, among other damages, to Plaintiffs and to the class.

16.36 Defendants' violations are a direct and proximate cause of Plaintiffs' and Class members' damages.

16.37 Defendants' actions were intentional, willful, wanton, unfair, unconscionable and outrageous.

16.38 Defendants' conduct illustrates why an injunction is necessary to protect Plaintiffs and other Washington consumers from similar harm.

//

//

CLASS ACTION COMPLAINT          84          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# DENISE CAGE

# CLASS FOUR

### XVII. THIRD CAUSE OF ACTION

### (Washington State Consumer Protection Act, *In the Alternative*)

17.1   Plaintiffs re-allege paragraphs 1 through 16, inclusive as though fully set forth herein.

17.2   Washington's CPA states: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

17.3   The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and Defendants are "businesses," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff and all others similarly situated were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

17.4   Washington Courts have already decided that Defendants' bright orange collection notice altered Summonses are misleading documents:

CLASS ACTION COMPLAINT          85          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

1

2

3

4

    "…well settled is the principle that ambiguous, apparently inconsistent written communications served with a summons and which have the potential for misleading the defendant into not timely responding to the complaint warrant the vacation of a default judgment later taken".

5

Wilma v. Harsin, 77 Wn.App. 746, 750 (1995).

6

7

    17.5   Nevertheless, to determine what constitutes an unfair or deceptive

8

act or practice under Washington's CPA, Washington courts also look to the

9

various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86

10

Wn.2d 331, 335, 544 P.2d 88 (1976).

11

12

    17.6   The court in Lightfoot stated:

13

14

15

    …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act. Lightfoot at 335.

16

17

    17.7   One such federal statute which Washington courts look to in

18

determining if a particular act is unfair under Washington's CPA, is the Federal

19

Trade Commission Act, after which Washington's CPA was modeled, and which

20

21

states: "Unfair methods of competition in or affecting commerce, and unfair or

22

deceptive acts or practices in or affecting commerce, are hereby declared

23

unlawful." 15 U.S.C. §45(a)(1).

24

25

26

CLASS ACTION COMPLAINT      86     Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

17.8   In addition to examining federal statutes to determine if a specific act is unfair and deceptive in violation of our state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.   Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

17.9   In Testo, the court stated: "The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned." Testo at 350.

17.10 Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if Defendants violated Washington's CPA in the case at hand.

17.11 Under the FDCPA, the following are unfair acts and practices: to misrepresent the character and legal status of a debt, to use false and deceptive means to collect or attempt to collect a debt, and to use unfair and unconscionable means to collect or attempt to collect any debt.

17.12 More importantly, "**The false representation or implication that documents are not legal process forms or do not require action by the**

CLASS ACTION COMPLAINT          87          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

**consumer, is also a violation of the FDCPA.**"  15 U.S.C. 1692e(15)(emphasis added).

17.13 In this case, Defendants violated the FDCPA and the WCAA by materially altering a Summons by stapling onto it a bright orange collection notice with deceptive language designed to increase Defendants' profits by deceiving consumers into not responding to the bright orange collection notice or the Summons, in the course of a junk debt lawsuit enterprise between a large national debt buyer and an unlicensed Washington collection agency with an in-house lawyer.

17.14 Where Defendant's acts are "unfair" and "deceptive" under the FDCPA and the WCAA, Defendants' acts are likewise "unfair" and "deceptive" acts or practices under this state's Consumer Protection Act.

17.15 Therefore, Defendants committed unfair and deceptive acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (WCPA) as codified in RCW 19.86, *et seq.,* where Defendants' collection acts and practices violated the FDCPA.

17.16 Plaintiff and all Class members suffered actual economic injury as a result of Defendants' actions.

CLASS ACTION COMPLAINT          88          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

1    17.17 Defendants' actions are a direct and proximate cause of Plaintiffs'

2  and Class members' injuries.

3    17.18 Defendants' actions were intentional, willful, wanton, unfair,

4

5  unconscionable, and outrageous.

6    17.19 Defendants' actions illustrate why an injunction is necessary to

7

8  protect Plaintiff, Class Members and other consumers and citizens from similar

9  harm.

10  //

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  CLASS ACTION COMPLAINT          89      Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (509) 327-3374
                                            bobmitchellaw@yahoo.com

1

## XVIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class members the following relief against all Defendants:

A.     As a result of Defendants' violations of 15 U.S.C. §1692 et seq., Plaintiffs seek for themselves and each Class member $1000.00 in statutory damages for each and every individual who received a Summons with a bright orange collection notice attached;

B.     Injunctive relief prohibiting such violations of the FDCPA by Defendants in the future;

C.     Injunctive relief in the form of vacating each and every judgment obtained in an "bright orange collection notice summons" lawsuit brought by Defendants;

D.     Injunctive relief in the form of forfeiture of all collected funds pursuant to RCW 19.16.430;

E.     Injunctive relief preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on any of the claims at issue in this litigation, and from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor(s) on such

CLASS ACTION COMPLAINT          90

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchelllaw@yahoo.com

claims, pursuant to RCW 19.16.450, RCW 19.86.090, and <u>Scott v. Cingular Wireless</u>, 160 Wn.2d 843, 161 P.3d 1000 (2007); <u>Hockley v. Hargitt</u>, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); <u>Lightfoot v. MacDonald</u>, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.      Treble Plaintiffs' and class members' "actual" damages up to the amount of $25,000 per individual claimant, pursuant to RCW 19.86 et seq.;

G.      An award of attorneys' fees and costs to counsel for Plaintiff and the Class, pursuant to RCW 19.86 and 15 U.S.C. §1692;

H.      Interest on the above amounts as authorized by law;

I.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

J.      Leave to amend this Complaint as needed and as required; and

K.      Such other relief as the Court deems just and proper.

//

//

CLASS ACTION COMPLAINT            91            Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com

# XIX.  **REQUEST FOR TRIAL BY JURY**

Plaintiffs hereby request a trial by jury.

Dated this 25<u>th</u> day of September, 2013.

*Robert Mitchell*

ROBERT MITCHELL, WSBA No. 37444
Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St.
Spokane, WA 99201
Telephone: (509) 327-2224
Fax: (509) 327-3374
bobmitchellaw@yahoo.com

*s//Sharon D. Cousineau*

SHARON D. COUSINEAU, WSBA No. 30061
700 W. Evergreen Blvd
Vancouver, WA 98660
Telephone: (360) 750-3789
Fax: (360) 750-3788
Email: sdcousineau@gmail.com

*s//SaraEllen Hutchison*

SARAELLEN HUTCHISON, WSBA No. 36137
Law Office of SaraEllen Hutchison, PLLC
1752 NW Market St. #915
Seattle, WA 98107
Telephone: (206) 529-5195
Fax: (877) 485-4893
E-mail: saraellen@saraellenhutchison.com

CLASS ACTION COMPLAINT          92          Robert Mitchell Attorney at Law, PLLC
                                                      1020 N. Washington | Spokane, WA 99201
                                                      Ph (509) 327-2224 | Fax (509) 327-3374
                                                      bobmitchellaw@yahoo.com

1

*s/ Thomas G. Jarrard*

2
THOMAS G. JARRARD WSBA No. 39774
Thomas Jarrard, Attorney at Law, PLLC

3
1020 N. Washington St.
Spokane, WA 99201

4
Telephone: 425-239-7290
E-mail: TJarrard@att.net

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CLASS ACTION COMPLAINT          93          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (509) 327-3374
bobmitchellaw@yahoo.com